Chief Justice Robertson
delivered the Opinion of the Court.
Combs filed a bill in chancery against, Ferril, for enforcing an equitable lien on a tract of land, in Clarke county, which he had sold to Ferril, hut had not conveyed, and for which a part of the consideration retnained-(as he alleged,) due and unpaid. An amended hill, prayed for the subjection also, of another tract of land, in the same county, owned by Ferril, but upon which Combs held no lien.
Upon a certificate of publication against Ferril, as a nonresident, the circuit court made a nisi interlocutory decree, for the payment of a certain sum of money, by Ferril to Combs, on or before the first day of the next term of that court.
Chano, llor ?lLc" ÍLd ject the land of a r.on-re-t^the satis.01 faction of the equitable lion p,jrchase money for the (a"ryficate of pubiiCation to which order is J]ogSa,iotC 6<° prove that the order ™«ríha boot, publish ^^"ore insufficient proof of con-c*'[.ve oess.° On a bill by fpr”g°¿,j°jgn on ]an¿¡ for the payment f the Pur_ theTniission5 to give a day decree)”'" for the pay^ n>pnt of the enor^
.Hanson, for plaintiff.
The record states that, at the next term, the partles appeared, bv their attorneys, and '■'■argued and submitted'the cause for a decreed’ whereupon the decreed the sale, first of the land sold bv Combs to Ferril, and then of the other tract mentioned in the amended bill. -
If the last decree had been interlocutory merely, there would-have been no error in so mnch of it as applied to the equitable lien; to that extent the chancellor had jurisdiction in rem, independently of any statutory authority; and though the certificate of publication, (the order not being'attached to it,) does not prove that the order made by the court had been published, nevertheless, the subsequent appearanee and submission of the case for a decree, must be deemed a waiver of the right to file an answer, and therefore, at that term, the original bill might haye been taken for confessed: but then, as the interlocutory decree was premature and irregular, for want of sufficient proof of constructive service, the decree rendered after the appearance, should have given day for the payment of the money, and not having done so is erroneous.
The circuit court had no authority to decree the sale of the land mentioned in the amended bill. As fhere was no lien on that tract, the court had not, so far as that was concerned, any other jurisdiction than that conferred bv'an act of 1827; Session acts, 158. According to that act, no decree was proper, unless Combs had sworn to the allegations of his bill; had averred that Ferril had not sufficient personal estate, within the jurisdiction of the court, to satisfy his demand; had proved the allegations of his bill, and had filed a bond for indemnifying Ferril; and none of these prerequisites to a decree, subjecting the land, appeared in this case.
Wherefore, the decree of the circuit' court is reversed,.and the cause is remanded for such further proceedings and decree as shall be right and proper, according to this opinion.